IN THE CIRCUIT COURT IN AND FOR PINELLAS COUNTY, FLORIDA
UNIFORM CASE NUMBER: _____
REFERENCE NUMBER: _____

COURTNEY MOORE,

    Plaintiff,

vs.

SAMSUNG ELECTRONICS AMERICA, INC.
a foreign profit corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, COURTNEY MOORE, by and through her undersigned counsel, hereby sues Defendant, SAMSUNG ELECTRONICS AMERICA, INC., a foreign profit corporation (hereinafter "SAMSUNG"), and alleges:

### Jurisdiction

1.    This an action for damages in excess of Thirty Thousand and NO/100 dollars ($30,000.00), exclusive of interest and costs.

2.    At all times relevant and material hereto, Plaintiff, COURTNEY MOORE, was a citizen of the State of Florida and a resident of Pinellas County, Florida.

3.    At all times relevant and material hereto, Defendant, SAMSUNG, is and was a for-profit corporation with its principal place of business in Ridgefield Park, New Jersey. Defendant, SAMSUNG, has submitted itself to the personal jurisdiction of this Court by voluntarily qualifying with the Florida Department of State, Division of Corporations, to engage in business activities within this state, by designating an agent for service of process within this state;

1

by owning, using, or possessing real property within this state; and by engaging in substantial and not isolated business activities within this state, which include the sale of tangible personal property, including but not limited to, cellular telephones including the Samsung Galaxy, to persons, firms, or corporations via Defendant, SAMSUNG's dealer(s), distributor(s), and wholesaler(s).

4. The acts, omissions, and tortious conduct of Defendant, SAMSUNG, as more specifically set forth below, caused injuries to persons within the state, including Plaintiff, COURTNEY MOORE, and, at or about the time of said injuries, Defendant, SAMSUNG, engaged in solicitation activities within the state in order to promote the sale, consumption, use, maintenance, and repair of cellular telephones including the Samsung Galaxy within the State of Florida.

5. The actions which form the basis of this Complaint occurred in Pinellas County, Florida.

## General Allegations

6. At all times relevant and material hereto, Defendant, SAMSUNG, was engaged in designing, developing, manufacturing, assembling, testing, inspecting, packaging, promoting, marketing, advertising, selling and/or distributing cellular telephones for use by the general public and consumers, including, but not limited to, the Samsung Galaxy.

7. At all times relevant and material hereto, Defendant, SAMSUNG, designed, manufactured, sold and/or distributed cellular telephones – which included the Samsung Galaxy – to cellular telephone carriers and retail stores, including T-Mobile, for sale to the general public and consumers.

8.      Prior to September 8, 2019, Defendant, SAMSUNG, knew or should have known of the defect(s) in the Samsung Galaxy, including the defective battery, which could result and did result in the Samsung Galaxy overheating and catching fire.

9.      Prior to September 8, 2019, Plaintiff, COURTNEY MOORE, purchased a brand new Samsung Galaxy cellular telephone from the T-Mobile Store located at the Tyrone Square Mall, 6901 22nd Avenue North, St. Petersburg, FL.

10.     On the evening of Saturday, September 7, 2019, Plaintiff, COURTNEY MOORE, was at home with her family.

11.     On the evening of Saturday, September 7, 2019, Plaintiff, COURTNEY MOORE, plugged her Samsung Galaxy cellular telephone into the charger provided in the packaging with the Samsung Galaxy and plugged the charger into the AC wall outlet.

12.     On the evening of Saturday, September 7, 2019, Plaintiff, COURTNEY MOORE, went to bed with the Samsung Galaxy cellular telephone plugged into the charger that was plugged into the AC wall outlet.

13.     On Sunday, September 8, 2019, at approximately 10:00 a.m., Plaintiff, COURTNEY MOORE, was at home with her family.

14.     At approximately 10:00 a.m. on Sunday, September 8, 2019, Plaintiff, COURTNEY MOORE, unplugged her Samsung Galaxy cellular telephone from the charger and grasped it with her left hand.

15.     At approximately 10:00 a.m. on Sunday, September 8, 2019, when Plaintiff, COURTNEY MOORE, unplugged her Samsung Galaxy cellular telephone from the charger and

grasped it with her left hand, the Samsung Galaxy cellular telephone suddenly and without warning exploded in her hand.

16. At approximately 10:00 a.m. on Sunday, September 8, 2019, when the Samsung Galaxy cellular telephone exploded in Plaintiff, COURTNEY MOORE's hand, a piece of hot metal fragment(s) jettisoned from the Samsung Galaxy and struck Plaintiff, COURTNEY MOORE, in the face.

17. At approximately 10:00 a.m. on Sunday, September 8, 2019, when the Samsung Galaxy cellular telephone exploded in Plaintiff, COURTNEY MOORE's hand, Plaintiff, COURTNEY MOORE, quickly dropped the Samsung Galaxy cellular telephone to the ground.

18. At approximately 10:00 a.m., on Sunday, September 8, 2019, when Plaintiff, COURTNEY MOORE, dropped the exploded Samsung Galaxy cellular telephone to the ground, the Samsung Galaxy began emitting small flames from the battery and producing gray smoke and chemical fumes.

19. At approximately 10:00 a.m. on Sunday, September 8, 2019, Plaintiff, COURTNEY MOORE's home began to slowly fill with smoke from the Samsung Galaxy cellular telephone.

20. At approximately 10:00 a.m. on Sunday, September 8, 2019, the smoke emitting from the Samsung Galaxy resulted in chemical fumes that began to cause Plaintiff, COURTNEY MOORE, and Plaintiff, COURTNEY MOORE's family to cough and choke.

21. Between 10:00 a.m. and 10:15 a.m. on Sunday, September 8, 2019, Plaintiff, COURTNEY MOORE, and Plaintiff, COURTNEY MOORE's family evacuated their home and

4

called 911 emergency services from the cellular telephone of Plaintiff, COURTNEY MOORE's eldest child.

22. Between 10:00 a.m. and 10:15 a.m. on Sunday, September 8, 2019, Plaintiff, COURTNEY MOORE, advised the 911 dispatcher that she had sustained physical injuries from the exploded Samsung Galaxy.

23. Personnel from the fire department and Emergency Medical Services (EMS) responded to Plaintiff, COURTNEY MOORE's home within minutes of Plaintiff, COURTNEY MOORE, calling 911 emergency services.

24. Personnel from the fire department entered Plaintiff, COURTNEY MOORE's home, safely retrieved the exploded Samsung Galaxy, and brought it outside to the curb to prevent additional smoke and fumes from being emitted into Plaintiff, COURTNEY MOORE's home.

25. Personnel from the fire department turned on the ceiling fans in Plaintiff, COURTNEY MOORE's home and instructed Plaintiff, COURTNEY MOORE, and Plaintiff, COURTNEY MOORE's family not to enter the home for at least one hour to allow the smoke and fumes to dissipate.

26. Personnel from EMS advised Plaintiff, COURTNEY MOORE, to be transported via EMS to the closest emergency room (ER) hospital for treatment of her physical injuries.

27. Plaintiff, COURTNEY MOORE, declined EMS transportation due to the inability of her small children to ride in the ambulance with her to the hospital.

28. Plaintiff, COURTNEY MOORE, contacted Plaintiff, COURTNEY MOORE's mother who took custody, care, and control of Plaintiff, COURTNEY MOORE's children, which allowed Plaintiff, COURTNEY MOORE, to seek ER hospital treatment.

29. A little over an hour after personnel from the fire department departed from her home and after Plaintiff, COURTNEY MOORE's mother arrived to take custody, care, and control of Plaintiff, COURTNEY MOORE's children, Plaintiff, COURTNEY MOORE, sought ER hospital treatment.

30. As a direct and proximate result of Plaintiff, COURTNEY MOORE's Samsung Galaxy exploding, Plaintiff, COURTNEY MOORE, sustained serious bodily injuries and resulting pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical, and nursing care and treatment, loss of the ability to earn money, and aggravation of a previously existing condition. These losses are either permanent or continuing, and Plaintiff, COURTNEY MOORE, will continue to suffer these losses in the future. Additionally, Plaintiff, COURTNEY MOORE, has suffered severe mental and emotional distress in the past, and will continue to suffer severe mental and emotional distress in the future.

31. Between September 8, 2019 and September 16, 2019, Plaintiff, COURTNEY MOORE, contacted Defendant, SAMSUNG, regarding the September 8, 2019 incident involving the exploded Samsung Galaxy and Plaintiff, COURTNEY MOORE's resulting injuries.

32. Defendant, SAMSUNG, provided Plaintiff, COURTNEY MOORE, with a box to return her exploded Samsung Galaxy and also requested Plaintiff, COURTNEY MOORE, provide Defendant, SAMSUNG, with her medical bills for payment.

33. On April 1, 2020, Plaintiff, COURTNEY MOORE, provided Defendant, SAMSUNG, via U.S. Certified Mail, with a 133-page, fully-indexed and documented liability/medical composite detailing Defendant, SAMSUNG's liability, including color

6

photographs of the exploded Galaxy Samsung, and Plaintiff, COURTNEY MOORE's injuries and medical bills.

34. Plaintiff, COURTNEY MOORE, requested a response within thirty (30) days to Plaintiff, COURTNEY MOORE's April 1, 2020 133-page, fully-indexed and documented liability/medical composite detailing Defendant, SAMSUNG's liability, including color photographs of the exploded Galaxy Samsung, and Plaintiff, COURTNEY MOORE's injuries and medical bills.

35. Defendant, SAMSUNG, ignored, refused and/or failed to respond in any manner to Plaintiff, COURTNEY MOORE's April 1, 2020 133-page, fully-indexed and documented liability/medical composite detailing Defendant, SAMSUNG's liability, including color photographs of the exploded Galaxy Samsung, and Plaintiff, COURTNEY MOORE's injuries and medical bills.

36. Between April 1, 2020 and October 29, 2021, Plaintiff, COURTNEY MOORE, contacted Defendant, SAMSUNG, on twenty-nine (29) separate occasions via sixteen (16) telephone calls and thirteen (13) emails.

37. As of December 18, 2020, Defendant, SAMSUNG, assigned Iveley Donat, agent, employee, and/or representative of Defendant, SAMSUNG, to handle and resolve Plaintiff, COURTNEY MOORE's claim.

38. On December 18, 2020, Iveley Donat, agent, employee, and/or representative of Defendant, SAMSUNG, requested Plaintiff, COURTNEY MOORE, provide Defendant, SAMSUNG, with photographs of the exploded Samsung Galaxy.

39. Plaintiff, COURTNEY MOORE, advised Iveley Donat, agent, employee, and/or representative of Defendant, SAMSUNG, that Plaintiff, COURTNEY MOORE, had already provided Defendant, SAMSUNG, with photographs of the exploded Samsung Galaxy in the April 1, 2020 133-page, fully-indexed and documented liability/medical composite detailing Defendant, SAMSUNG's liability, including color photographs of the exploded Galaxy Samsung, and Plaintiff, COURTNEY MOORE's injuries and medical bills.

40. Between December 18, 2020 and September 13, 2021, Iveley Donat, agent, employee, and/or representative of Defendant, SAMSUNG, made no effort to resolve Plaintiff, COURTNEY MOORE's claim as on September 13, 2021, Iveley Donat, agent, employee, and/or representative of Defendant, SAMSUNG, advised Plaintiff, COURTNEY MOORE, that he had still not reviewed the April 1, 2020 133-page, fully-indexed and documented liability/medical composite received by Defendant, SAMSUNG, more than eighteen months prior.

41. On October 29, 2021, Iveley Donat, agent, employee, and/or representative of Defendant, SAMSUNG, advised Plaintiff, COURTNEY MOORE, that Defendant, SAMSUNG, needed to examine the exploded Samsung Galaxy cellular telephone and that the exploded Samsung Galaxy cellular telephone would need to be mailed to Defendant, SAMSUNG.

42. Plaintiff, COURTNEY MOORE, had securely maintained the exploded Samsung Galaxy cellular telephone since the September 8, 2019 incident.

43. In lieu of relinquishing custody and control of pertinent evidence to Defendant, SAMSUNG, Plaintiff, COURTNEY MOORE, offered the following:

    (a) Permitting Defendant, SAMSUNG, to conduct a full inspection of the exploded Samsung Galaxy cellular telephone during normal business hours with 24-hours notice in the office of Plaintiff, COURTNEY MOORE's counsel of record; and/or

(b) Providing additional photographs of the exploded Samsung Galaxy cellular telephone to Defendant, SAMSUNG; and/or

(c) Conducting a videoconference(s) with Defendant, SAMSUNG, of the exploded Samsung Galaxy cellular telephone and permitting recording by Defendant, SAMSUNG, of the videoconference(s).

44. Per Iveley Donat, agent, employee, and/or representative of Defendant, SAMSUNG's past claims handling, Iveley Donat, agent, employee, and/or representative of Defendant, SAMSUNG, ignored, refused, and/or failed to respond in any manner to Plaintiff, COURTNEY MOORE, thus necessitating the filing of this Complaint.

## Count I: Strict Liability for Defective Design

45. Plaintiff repeats and realleges all allegations in Paragraphs 1 through 44 as if each paragraph was fully repeated verbatim herein.

46. Defendant placed the Samsung Galaxy on the market with the knowledge that the Samsung Galaxy would be used without inspection for defects.

47. The Samsung Galaxy, including the battery, was defectively designed so as to be unreasonably dangerous to those persons utilizing the Samsung Galaxy. The Samsung Galaxy's design – including, but not limited to its defective battery – created an overheating and fire hazard for those persons utilizing the Samsung Galaxy.

48. The Samsung Galaxy's intended use was as a cellular telephone. As a purchaser and user of a Samsung Galaxy cellular telephone, Plaintiff, COURTNEY MOORE, became a person who was expected to be in the vicinity of the proper use of the Samsung Galaxy cellular telephone.

49. As a direct and proximate result of the defective design of the Samsung Galaxy, Plaintiff, COURTNEY MOORE, sustained serious bodily injuries and resulting pain and

suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical, and nursing care and treatment, loss of the ability to earn money, and aggravation of a previously existing condition. These losses are either permanent or continuing, and Plaintiff, COURTNEY MOORE, will continue to suffer these losses in the future. Additionally, Plaintiff, COURTNEY MOORE has suffered severe mental and emotional distress in the past, and will continue to suffer severe mental and emotional distress in the future.

WHEREFORE, Plaintiff, COURTNEY MOORE, hereby demands judgment for damages against Defendant SAMSUNG, a foreign profit corporation, and, furthermore, demands trial by jury of all issues so triable.

### Count II: Negligent Design

50. Plaintiff repeats and realleges all allegations in Paragraphs 1 through 44 as if each paragraph was fully repeated verbatim herein.

51. Defendant was under a duty to use reasonable care to design the Samsung Galaxy, including the battery, so it would be reasonably safe for its intended use and for other uses which were foreseeable.

52. Defendant breached its duty by negligently failing to design the Samsung Galaxy, including the battery, to be reasonably safe for those persons utilizing the Samsung Galaxy in that the Samsung Galaxy's battery was prone to overheating and catching fire.

53. As a direct and proximate result of the negligent design of the Samsung Galaxy, Plaintiff, COURTNEY MOORE, sustained serious bodily injuries and resulting pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical, and nursing care and treatment, loss of the ability to earn

money, and aggravation of a previously existing condition. These losses are either permanent or continuing, and Plaintiff, COURTNEY MOORE, will continue to suffer these losses in the future. Additionally, Plaintiff, COURTNEY MOORE has suffered severe mental and emotional distress in the past, and will continue to suffer severe mental and emotional distress in the future.

WHEREFORE, Plaintiff, COURTNEY MOORE, hereby demands judgment for damages against Defendant SAMSUNG, a foreign profit corporation, and, furthermore, demands trial by jury of all issues so triable.

### Count III: Breach of Implied Warranty of Merchantability

54. Plaintiff repeats and realleges all allegations in Paragraphs 1 through 44 as if each paragraph was fully repeated verbatim herein.

55. Defendant impliedly warranted that the Samsung Galaxy was merchantable for the purpose of being a cellular telephone and Defendant knew foreseeable purchasers, such as Plaintiff, were purchasing the Samsung Galaxy for that purpose.

56. The Samsung Galaxy, including the battery, was defectively designed, manufactured, sold and/or distributed so as to be unreasonably dangerous to Plaintiff, COURTNEY MOORE, because the Samsung Galaxy created an overheating and fire hazard for those persons in the area the Samsung Galaxy occupied.

57. Defendant had notice of the defective nature of the Samsung Galaxy, including the defective nature of the battery.

58. The Samsung Galaxy's defect(s), including the defective battery, caused the Samsung Galaxy to be unsafe for use as a cellular telephone.

59.     As a direct and proximate result of the defect(s) of the Samsung Galaxy, Plaintiff, COURTNEY MOORE, sustained serious bodily injuries and resulting pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical, and nursing care and treatment, loss of the ability to earn money, and aggravation of a previously existing condition. These losses are either permanent or continuing, and Plaintiff, COURTNEY MOORE, will continue to suffer these losses in the future. Additionally, Plaintiff, COURTNEY MOORE has suffered severe mental and emotional distress in the past, and will continue to suffer severe mental and emotional distress in the future.

WHEREFORE, Plaintiff, COURTNEY MOORE, hereby demands judgment for damages against Defendant SAMSUNG, a foreign profit corporation, and, furthermore, demands trial by jury of all issues so triable.

### Count IV: Breach of Implied Warranty of Fitness for a Particular Purpose

60.     Plaintiff repeats and realleges all allegations in Paragraphs 1 through 44 as if each paragraph was fully repeated verbatim herein.

61.     Defendant impliedly warranted that the Samsung Galaxy was fit for the particular purpose of being a cellular telephone, and Defendant knew foreseeable purchasers, such as Plaintiff, were purchasing the Samsung Galaxy for that purpose.

62.     Plaintiff relied on Defendant's skill and/or judgment to select and/or furnish a suitable cellular telephone.

63.     The Samsung Galaxy, including the battery, was defectively designed, manufactured, sold and/or distributed so as to be unreasonably dangerous to Plaintiff,

COURTNEY MOORE, because the Samsung Galaxy created an overheating and fire hazard for those persons in the area the Samsung Galaxy occupied.

64. Defendant had notice of the defective nature of the Samsung Galaxy, including the defective nature of the battery.

65. The Samsung Galaxy's defect(s), including the defective battery, caused the Samsung Galaxy to be unsuitable for use as a cellular telephone.

66. As a direct and proximate result of the defect(s) of the Samsung Galaxy, Plaintiff, COURTNEY MOORE, sustained serious bodily injuries and resulting pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical, and nursing care and treatment, loss of the ability to earn money, and aggravation of a previously existing condition. These losses are either permanent or continuing, and Plaintiff, COURTNEY MOORE, will continue to suffer these losses in the future. Additionally, Plaintiff, COURTNEY MOORE has suffered severe mental and emotional distress in the past, and will continue to suffer severe mental and emotional distress in the future.

WHEREFORE, Plaintiff, COURTNEY MOORE, hereby demands judgment for damages against Defendant SAMSUNG, a foreign profit corporation and, furthermore, demands trial by jury of all issues so triable.

/s/ Justin C. Johnson
**JUSTIN C. JOHNSON, ESQUIRE**
SPN 00173110/ FL BAR NO.: 0305219
**KEVIN M. COOPER, ESQUIRE**
FL BAR NO.: 25840
**JUSTIN C. JOHNSON & ASSOCIATES, P.A.**
4020 Park Street North, Suite 302
St. Petersburg, Florida 33709
(727) 384-3524
Primary Email: jcjohnson@jcj-law.com

Secondary Email: kcooper@jcj-law.com
Counsel for Plaintiff